IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA BYRNE and MAE BYRNE | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | FOR VIOLATION OF CIVIL RIGHTS |
| Village of Dolton, Dolton Police Officers | ) | |
| H. Mathis, Star No. 138, | ) | **JURY DEMANDED** |
| D. Guess, Star No. 5, | ) | |
| and Other Unknown Officers | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is proper in the NDIL under 28 U.S.C. Section 1391, as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Jessica Byrne ("Jessica") was a resident of Illinois, located within the Northern District.

4. At all times herein mentioned, Plaintiff Mae Byrne ("Mae") was a resident of Illinois, located within the Northern District.

5. At all times herein mentioned, Dolton Police Officer H. Mathis, Star No. 138 ("Mathis"), and his accompanying officers, whose identities remain unknown at this time, were employed by the Dolton Police Department and were acting under color of state law

and as the employees, agents, or representatives of the Dolton Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Dolton Police Officer D. Guess, Star No. 5 ("Guess"), and his accompanying officers, whose identities remain unknown at this time, were employed by the Dolton Police Department and were acting under color of state law and as the employees, agents, or representatives of the Dolton Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, there were certain unknown officers, and civilian personnel who were employed by the Dolton Police Department and were acting under color of state law and as the employees, agents, or representatives of the Dolton Police Department. These Defendants will be added when their identities are known.

8. At all times herein mentioned, the Village of Dolton was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Dolton maintained, managed, and/or operated the Dolton Police Department.

## FACTUAL ALLEGATIONS

9. On or about May 10, 2022, Plaintiffs purchased a 2022 Hyundai Sonata ("Sonata") vehicle, VIN: KMHL*********7230.

10. Thereafter, the Sonata became the primary mode of transportation for Plaintiffs.

11. On or about December 16, 2022, the vehicle was lawfully parked in a private driveway, located at 15419 S. Dorchester, Dolton, Illinois, a single-family residence.

12. On that day, Defendants Mathis, Guess, and accompanying officers did not possess a warrant to arrest either Plaintiff or seize their property.

13. On that day, Defendants and other unknown officers seized Plaintiffs' vehicle from its lawful space by having it towed.

14. It is believed that the police searched the inside of the vehicle.

15. Defendants Mathis, Guess, and other unknown officers did not possess any lawful reason or process to subject Plaintiffs' vehicle to a seizure.

16. Thereafter, Plaintiff Jessica was able to determine the police took her vehicle. She has repeatedly asked the Dolton police to return her vehicle. In response, she has been told that it would be returned only if she came to the station and submitted to questioning in an investigation conducted by the Dolton police.

17. Plaintiffs hired counsel, who was told the vehicle would be kept at their impound lot unless and until Plaintiff submitted to questioning.

18. On or about January 13, 2023, a letter demanding the return of the vehicle was sent to Patrol Division Commander Derrick Guess, Star No. 5, of the Dolton Police Department. The vehicle was not returned.

19. On or about December 18, 2022, JTS Towing, LLC sent Plaintiff Jessica a Notice, explaining if she did not claim her vehicle, it would be sold or disposed of. A copy of the Notice is attached as Exhibit A.

20. In accordance with the Notice, Plaintiff Jessica tried to claim the vehicle. She was told the vehicle had a "police hold" and could not be returned without a release.

21. The police refused to provide a "release" unless Plaintiff Jessica spoke to them.

22. The police are trying to extort a waiver of Jessica's Fifth Amendment right to remain silent.

23. By reason of the above-described acts and omissions of Defendants, Plaintiffs were deprived of their property, forced to pay for alternate transportation, inconvenienced, required to retain an attorney to institute, prosecute, and render legal assistance to so that they might vindicate the loss and impairment of their rights.

24. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages to be ascertained according to proof at the time of trial.

25. Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**JESSICA BYRNE AND MAY BYRNE AGAINST DEFENDANTS MATHIS, GUESS, AND UNKNOWN OFFICERS FOR UNREASONABLE SEIZURE**

26. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-five (25) as though fully set forth here.

27. By reason of Defendants' conduct, Plaintiffs have been deprived of the use of the vehicle.

28. The seizure of the vehicle was in violation of the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

29. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' persons was in violation of Plaintiffs' constitutional rights and not authorized by law. Defendants violated Plaintiffs' rights in the following manner: (1) Defendants caused he seizure of Plaintiffs' person without any legal cause. These acts were in violation of

4

Plaintiffs' Fourth and/or Fourteenth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

30. The Village of Dolton is liable to Plaintiffs for the acts of Defendants Mathis, Guess, and unknown officers pursuant to the doctrine of *respondeat superior.*

## COUNT II
## JESSICA BYRNE AGAINST DEFENDANTS MATHIS, GUESS, AND UNKNOWN OFFICERS FOR
## POLICE COERCION IN VIOLATION OF THE FIFTH AMENDMENT

31. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty (30) as though fully set forth here.

32. The conduct of Defendants Mathis, Guess, and Unknown Officers is designed to obtain an involuntary statement from Jessica.

33. The acts of Defendants are an attempt to overcome her Fifth Amendment right to remain silent through coercion.

34. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages to be ascertained according to proof at the time of trial.

35. Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

# COUNT III
## PLAINTIFFS JESSICA BYRNE AND MAE BYRNE AGAINST DEFENDANTS MATHIS, GUESS, UNKNOWN OFFICERS, AND THE VILLAGE OF DOLTON FOR THE SUPPLEMENTAL CLAIM OF REPLEVIN AND DECLARATORY RELIEF

36. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-five (35) as though fully set forth here.

37. This count is brought pursuant to 735 ILCS 5/19-101 *et seq.* for Plaintiffs to obtain possession of their vehicle, and pursuant to 28 U.S.C. § 2201 for declaration of the validity and priority of the parties' competing interests in the vehicle.

38. Plaintiffs' interest in and right to possess the vehicle is superior to each Defendant's alleged interest and right to possess the vehicle.

39. Plaintiffs are the lawful and sole owners of the vehicle.

40. Plaintiffs have an absolute and unconditional right to immediate possession of the vehicle.

41. Plaintiffs have requested the vehicle be returned, but the requests have been ignored. As have the requests of their attorneys.

42. Plaintiff is prepared to post a bond for the value of the vehicle, or in any lesser amount this Court requires, to adequately protect any one or more of the Defendants' asserted interest in the vehicle.

43. Plaintiff requests this Court enter judgement in their favor and against Defendants':

   a. Declaring Plaintiffs' interest in the vehicle and right to its possession are superior to any of the Defendants.

   b. Entering an Order of Replevin directing the U.S. Marshall to collect the vehicle and deliver it to Plaintiff.

WHEREFORE, the Plaintiffs, by and through their attorneys, Greenberg Trial Lawyers, request judgment as follows against Defendants, and each of them:

1. That Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiffs' special damages;

3. That Defendants be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants other than the Village of Dolton be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That a Writ of Replevin Issue;

7. That Plaintiffs have such other and further relief as this Court may deem just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY ON ALL ISSUES**

By: */s/ Steven Greenberg*
Attorney for Plaintiffs

**GREENBERG TRIAL LAWYERS**
**Steven Greenberg**
**Nicholas Burris**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL 60604**
**(312) 879-9500**

**JTS TOWING, LLC**

1401 E. 142nd Street

Dolton, IL 60419

708-841-7763

Date: January 9, 2023

**OWNER NOTIFICATION**

OWNER
MAC & JESSICA BURNS

15419 DORCHESTER
DOLTON, IL 60419

LIENHOLDER:
HYUNDAI MOTOR FINANCE
PO BOX 105299
ATLANTA, GA 303485299

We have been advised that you are the last known titled owner and/or lien holder of the following vehicle:

VIN ███████████A207230 Vehicle Make HYUANDAI

Year: 2022 Body Type: 4 DR

Color: GREY

DATE OF TOW: **DECEMBER 16, 2022**

This vehicle is presently stored at: 1401 E 142nd STREET DOLTON, IL 60419 as unclaimed. The State of Illinois registration records indicate that you are the last registered owner or lien holder of this vehicle. Failure to take possession of the vehicle will be considered a forfeiture of your interest therein, requiring it to be sold at public sale or disposed of pursuant to 625

JTS TOWING, LLC OWNER NOTIFICATION